IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09-CV-251-RJC-DCK

| | |
|---|---|
| EBONY CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion For Judgment" and "Memorandum In Support Of Plaintiff's Motion For Judgment Reversing Or Remanding The Defendant's Decision" (Document No. 12), filed November 19, 2009; and Defendant Commissioner's "Motion For Summary Judgment" (Document No. 13) and Defendant's "Memorandum In Support Of The Commissioner's Decision" (Document No. 14), filed January 20, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Judgment" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for further consideration.

**I. BACKGROUND**

Plaintiff Ebony Carson ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for Social Security survivor's insurance benefits as a minor child of a deceased wage earner. (Transcript of the Record of Proceedings ("Tr.") 38). On

June 30, 2003, Plaintiff filed an application for child's benefits on the account of deceased wage earner Joe Louis Harris, who died on November 16, 1990. (Tr. 16). Plaintiff was born on December 14, 1989, and was a minor at the time of the application, which was filed by her mother. (Tr. 38-40, 114). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 5, 2003, and again after reconsideration on January 13, 2005. (Tr. 41-43, 47-51). Plaintiff's mother filed a timely written request for a hearing on March 11, 2005. On April 18, 2007, Plaintiff, who was represented by counsel, Plaintiff's mother, and a maternal aunt of Plaintiff, appeared and testified at a hearing before Administrative Law Judge D. Kevin Dugan ("ALJ"). (Tr. 132-186). On or about June 16, 2007, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 14-21).

Plaintiff filed a request for review of the ALJ's decision on June 27, 2007, which was denied by the Appeals Council. (Tr. 3-8). The June 16, 2007 decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on April 20, 2009 (Tr. 3-5). Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on June 23, 2009. (Document No. 2). "Plaintiff's Motion For Judgment" (Document No. 12) was filed November 19, 2009, and Defendant's "Motion For Summary Judgment" was filed January 20, 2010. The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

2

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456. Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was entitled to Social Security survivor's insurance benefits at any time between January 1, 2003, and the date of his decision. To establish entitlement to surviving child's benefits, Plaintiff has the burden of proving not only that a father-child relationship existed, but that the wage earner was living with her or contributing to her support at the time of his death. 20 C.F.R. §§ 404.355(a)(4) and 404.366.

On June 16, 2007, the ALJ found that Plaintiff was not entitled to survivor's benefits on the account of Mr. Harris because she failed to prove that she was his child and that she was dependent on him at the time of his death. (Tr. 14-21). In order to be entitled to surviving child's benefits, an individual must meet these five steps:

3

> (1) have filed an application for benefits;
> (2) be the child of a wage earner who died currently or fully insured;
> (3) be unmarried;
> (4) be under age 18 or a full time secondary school student under age 19 or be under a disability which began before age 22; and
> (5) be dependent upon the wage earner at the time of his death.

Social Security Act § 202(d)(1). In this case, the ALJ determined that the Plaintiff was <u>not</u> entitled to survivor's benefits under § 216(h)(2) or (h)(3) of the Social Security Act. (Tr. 20); 42 U.S.C. § 416(h)(2)-(3).

Plaintiff on appeal to this Court makes the following assignments of error: (1) that the ALJ's decision is not supported by substantial evidence because DNA evidence, unavailable at the time of the ALJ's decision, combined with other evidence, proves paternity by clear and convincing evidence under North Carolina state law; and (2) that the evidence of record demonstrates the wage earner's paternity and provision of support, in addition to a written acknowledgment of paternity. (Document No. 12). The undersigned will discuss these contentions in turn.

### A. <u>DNA Evidence</u>

In her first assignment of error, Plaintiff contends that substantial evidence does not support the ALJ's denial under § 416(h)(2) because there is now DNA evidence that was not considered by the ALJ. "Section 216(h)(2) provides that an illegitimate child has the status of a child for benefit purposes if he has inheritance rights under applicable state intestacy laws." (Tr.17). Pursuant to the North Carolina General Statutes, "an illegitimate child shall be entitled to take by, through and from: (1) Any person who has been finally adjudged to be the father of such child pursuant to the

4

provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16...." N.C.G.S. § 29-19(b)(1). North Carolina law further requires a blood or genetic marker test to establish paternity more than three years after the birth of a child or after the death of the putative father. (Tr. 17); see also, N.C.G.S. § 49-14.

The ALJ noted at least twice in his opinion that no DNA testing had been done in this case by the time of his decision. (Tr. 18, 20). Since the ALJ's decision, on or about December 7, 2007, Plaintiff, her mother Vanessa Carson, and Buster Harris, Jr., the brother of Joe Harris and thus Plaintiff's putative paternal uncle, participated in DNA testing. (Tr. 8). The results of those tests purportedly show that there is a 95.67% chance, as compared to an untested, unrelated man, that Buster Harris, Jr. is Plaintiff's paternal uncle.[1] (Tr. 8). Plaintiff presented this new evidence to the Appeals Council, which subsequently determined there was no basis for changing the ALJ's decision. (Tr. 3, 6-7).

Plaintiff asserts, citing Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991), that when new evidence is submitted after the ALJ decision and incorporated into the administrative record, a court must review the record as a whole, including the new evidence, in order to determine if the Defendant's decision is supported by substantial evidence. (Document No. 12, p.7). North Carolina law provides that blood or genetic tests that show the probability of the alleged parent's parentage as 97% or higher shall constitute clear and convincing evidence of paternity. N.C.G.S. § 49-14(f). The evidentiary effect of a test showing the probability of parentage between 85% and 97% is that it "shall be admitted by the court and shall be weighed

---

[1] Plaintiff's mother contends that she did not have sexual relations with any person other than Joe Harris during 1989, the year Plaintiff was conceived and born. There is no evidence to the contrary, including any evidence that Ms. Carson had sexual relations with any relative of Joe Harris.

5

with other competent evidence." N.C.G.S. § 8-50.1(b1)(3). Although the evidence that Buster Harris is 95.67% likely to be Ebony Harris' uncle does not rise to the level of "clear and convincing" evidence according to the law of North Carolina, the undersigned finds under the circumstances that such evidence is significant, and weighed with other competent evidence, may have changed the ALJ's decision.

B. **Acknowledgment In Writing and Contributions Of Support**

If a child fails to meet state intestacy requirements, the Social Security Act provides a basis for entitlement under § 216(h)(3). (Tr. 18). Plaintiff contends that she is entitled to benefits under § 216(h)(3) because substantial evidence does not support the ALJ's conclusion that the putative father did not acknowledge in writing that Plaintiff was his daughter, or that he did not provide substantial support to her.

Pursuant to § 216(h)(3)(C), Plaintiff can prove she is the child of the deceased wage earner if the insured individual had (1) acknowledged in writing that she was his daughter; (2) been decreed by a court as her father; or (3) an insured individual "is shown by evidence satisfactory to the Commissioner of Social Security to have been the mother or father of the applicant, and such insured individual was living with or *contributing to the support of* the applicant at the time such insured individual died." 42 U.S.C. § 416(h)(3)(C)(i)-(ii) (emphasis added). In the instant case, there is no allegation that a court ever decreed Joe Harris to be Ebony Carson's father.

Here, the ALJ determined that substantial evidence did not support either an acknowledgment in writing, or sufficient contribution to Plaintiff's support at the time the putative father died, to establish paternity. Although close and difficult issues to resolve, especially after

such a significant passage of time, the undersigned is not persuaded on this record that substantial evidence supports the ALJ's determination of these issues.

First, the ALJ notes that Joe Harris bought diapers, blankets and clothes when Plaintiff was born, and that he provided clothes and other items worth about $80 *each* month until he died. (Tr. 18)(emphasis added). Contributions must be regular, and large enough to meet an important part of the child's ordinary living costs. Id. (citing C.F.R. § 404.366). It does not appear to be disputed that Mr. Harris provided this support even though he was married and had other children. Id. The ALJ's decision identifies Jones v. Secretary of H.E.W., 629 F.2d 334 (4th Cir. 1980) as articulating the standard – that amounts of contributions be evaluated in relation to the worker's income and the child's needs at the time. Id.; see also, Howard v. Sullivan, 955 F.2d 41, 1992 WL 29134 at *2-3 (4 Cir. 1992).

In Jones, the ALJ concluded that the wage earner "did not make regular and substantial contributions for the support of the claimant" even though there was evidence that he made contributions of money or goods in the approximate amount of $15 twice a month. Jones, 629 F.2d at 335. That decision was affirmed by the Appeals Council and the district court. Id. The Fourth Circuit, however, could not determine how the ALJ evaluated the wage earner's contributions and remanded the case, noting "the test properly to be applied is whether contributions regular and substantial in relation to the wage earner's income and the child's needs were made." Id. at 336.

Like Jones, the decision here does not reveal how or why the ALJ concluded Mr. Harris' contributions were not sufficient based on his income and the child's needs at that time. Consistent with Jones, the undersigned will recommend that this case be remanded for reconsideration of the claim, because the test applied by the ALJ is unclear. See Jones, 629 F.2d at 336.

Finally, the ALJ also concluded that Joe Harris never acknowledged in writing that Ebony Carson was his daughter. This issue presents a closer call, but since the undersigned is already recommending remand, it is respectfully suggested that the evidence on this point also be reconsidered. The ALJ determined that a congratulatory card delivered to Plaintiff's mother at the time of Plaintiff's birth, signed "from Chip your Daddy," was most likely slang used by a guy addressing his girlfriend and was therefore insufficient as a written acknowledgment of paternity. (Tr. 72-73). There is no dispute that "Chip" is the name Joe Harris was commonly called by his friends. The undersigned finds it plausible that even though the card was delivered to the newborn's mother, it may be construed as a celebratory card to mother and child, and in that context, the signature makes complete sense.

## IV. CONCLUSION

In short, new DNA evidence appears to be important evidence that should be considered by an administrative law judge; and it is unclear that the current decision adequately evaluated the putative father's contributions to the child at the time of his death. The undersigned therefore does not find that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated and that this case be remanded for further consideration.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Judgment" (Document No. 12) be **DENIED**; Defendant's "Motion For

Summary Judgment" (Document No. 13) be **DENIED**; and that the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 8, 2010

David C. Keesler
United States Magistrate Judge